IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:11cr16** |
| | ) | **Civil No. 1:16cv324** |
| JOSHUA BRANDON MAJOR | ) | |

## MEMORANDUM OPINION

At issue on defendant's amended motion[1] to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 is whether the Supreme Court's decision in *Johnson v. United*

*States*, 135 S. Ct. 2551 (2015), operates to invalidate the fifteen-year sentence defendant

received pursuant to the Armed Career Criminal Act ("ACCA") for possession of a firearm and

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g). Because the matter has

been fully briefed and the facts and law are fully set forth in the existing record, neither oral

argument nor an evidentiary hearing would aid the decisional process.[2] Accordingly, the matter

is now ripe for disposition.

### I.

On March 4, 2011, defendant pled guilty pursuant to a written plea agreement to one

count of conspiracy to distribute N-Benzylpiperazine, in violation of 21 U.S.C. §§ 841 and 846,

---

[1] On March 23, 2016, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. That same day, defendant filed an amended § 2255 motion that corrected a formatting error contained in the original motion. There is no substantive difference between the two motions.

[2] Importantly, 28 U.S.C. § 2255 provides that a hearing is not necessary when "the motion and the files of the case conclusively show that the prisoner is entitled to no relief." Here, a hearing is not necessary because the record conclusively compels the conclusion that defendant's § 2255 is untimely and fails on the merits.

and one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Thereafter, on July 15, 2011, defendant received a sentence of 36 months' imprisonment for the violation of §§ 841 and 846, and a sentence of 180 months' imprisonment for the violation of § 922(g), to run concurrently with the sentence of 36 months' imprisonment for the violation of §§ 841 and 846.[3] A Memorandum Opinion dated August 1, 2011, reflects the grounds for the sentences defendant received for his crimes. *United States v. Major* ("*Major I*"), 801 F. Supp.2d 511, 513-18 (E.D. Va. 2011).

Defendant's sentence of 180 months' imprisonment for the violation of § 922(g) was mandated by the ACCA, which requires a fifteen-year custody sentence for convictions pursuant to § 922(g) where, as here, an offender has "three previous convictions by any court … for a violent felony … committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In this regard, the ACCA defines a violent felony as any crime:

> (i) that has " 'as an element the use, attempted use, or threatened use of physical force against the person of another' ";
>
> (ii) that constitutes " 'burglary, arson, or extortion, [or] involves use of explosives' "; or
>
> (iii) that " 'otherwise involves conduct that presents a serious potential risk of physical injury to another.' "

*Major I*, 801 F. Supp.2d at 515 (quoting 18 U.S.C. § 924(e)(2)(B)). These three clauses of § 924(e)(2)(B) are often referred to respectively as (i) the "force clause," (ii) the "enumerated crimes clause," and (iii) the "residual clause." With respect to the enumerated crimes clause, the Supreme Court has defined an ACCA "generic" burglary as "any crime, regardless of its exact definition or label, having the basic elements of unlawful, unprivileged entry into, or remaining

---

[3] In the course of the sentencing hearing, the Court adopted the facts and conclusions of the Presentence Investigation Report, which concluded that under the United States Sentencing Guidelines, defendant had a criminal history category of VI and total offense level of 21.

in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

As *Major I* reflects, "a careful review of the record ... revealed that [the] ACCA fifteen-year term of imprisonment was mandatory in this case" in light of defendant's three 1998 convictions in the Fairfax County Circuit Court for statutory burglary, in violation of Va. Code § 18.2-91; these burglaries occurred on March 4, 1998, March 11, 1998, and April 3, 1998. *Major I*, 801 F. Supp.2d at 515-16. The conclusion that a fifteen-year sentence was required by the ACCA resulted from application of the modified categorical approach to defendant's three prior convictions; the modified categorical approach allows "a sentencing court ... [to] assess the underlying charging documents' or other specifically-approved documents or material to ascertain whether the offense qualifies as an ACCA predicate offense." *Id.* at 515.[4]

With respect to the March 11, 1998 burglary, "[t]he government produced multiple court documents from the Fairfax County Circuit Court ... , including (i) the indictment, (ii) the signed plea agreement, (iii) the sentencing order, and (iv) the plea and sentencing transcripts." *Id.* The indictment "specifically charged defendant with statutory burglary, in violation of Va. Code § 18.2-91," on the basis of the following factual allegations:

> On or about the 11th day of March, 1998, in the County of Fairfax, Joshua B. Tart[5] did break and enter the dwelling house of Mary Hopkins and Eileen Merton, 3963 Rosebay Court, Fairfax, Virginia, with the intent to commit larceny ... , [in violation of] Va. Code § 18.2-91.

*Id.* at 517. The plea transcript further established that defendant admitted breaking "into the Rosebay Court residence through a basement window" and taking items such as "jewelry, CDs,

---

[4] For a discussion of the modified categorical approach, see *infra*, Part II.

[5] The record reflects that in November 2007, defendant legally changed his name from Joshua Brandon Tart to Joshua Brandon Major.

money, a camera, and a television." *Id.* (citing Plea Transcript at 11). *Id.* As "the presence of a basement window in this recitation of facts necessarily implicates an attached 'building or structure,' defendant sensibly conceded in the course of the final sentencing that this first burglary indeed meets *Taylor*'s definition of a generic burglary." *Id.* (citing *Taylor*, 495 U.S. at 599). Thus, at the time of defendant's sentencing, "[i]t was undisputed … that the [March 11, 1998] burglary constitutes a valid predicate conviction under the ACCA [enumerated crimes clause]." *Id.*

With respect to the March 4, 1998 and April 3, 1998 burglaries, the government was unable to produce indictments or other Fairfax County charging documents. *See id.* at 517. Although the government produced plea agreements and sentencing orders for the convictions for these two burglaries, *Major I* reflects that these documents did not "shed any light on the specific facts underlying either of those convictions, other than the date of the respective burglar[ies]." *Id.* Importantly, however, the government produced the transcript from the September 16, 1998 plea hearing in Fairfax County Circuit Court, which reflects that "defendant acknowledged that on each of these two occasions, he broke into a 'dwelling,' 'house' or 'residence,' without the permission or consent of the owners, and took various personal items from the residences." *Id.* (citing Plea Transcript at 11-13). Specifically, "during the daytime of March 4, 1998, defendant broke into the residence of Laura Dawson, located at 3994 Gumwood Court, in Chantilly, Virginia, with the intent to commit larceny," and once inside "defendant took from the residence a knife collection, alcohol and $600 in cash." *Id.* (citing Plea Transcript at 5, 11). About a month later, "during the nighttime of April 3, 1998, defendant broke into the residence of Roger Early, located at 4108 Plaza Lane in Fairfax, Virginia, again with the intent to commit larceny," and "[o]n that occasion, defendant entered the dwelling through a 'rear

4

window' and took a shotgun from the residence." *Id.* (quoting Plea Transcript at 13). On the basis of these facts, *Major I* reflects that the March 4, 1998 and April 3, 1998 burglaries do not constitute ACCA generic burglaries, but that these prior convictions "nonetheless constitute 'violent felon[ies]' under [the] ACCA[] residual clause because each burglary 'involve[d] conduct that present[ed] a serious risk of physical injury to another.' " *Id.* at 518 (quoting 18 U.S.C. § 924(e)(2)(B)). Accordingly, *Major I* reflects that "the government met its burden of establishing three qualifying predicate convictions under [the] ACCA, thus mandating a minimum fifteen-year custody sentence in this [c]ase." *Id.*

On February 25, 2013, nearly two years after defendant received his sentence, the government filed a motion to reduce defendant's sentence pursuant to Rule 35(b), Fed. R. Crim. P. *United States v. Major*, No. 11-cr-16 (E.D. Va. Feb. 25, 2013) (Motion) (Doc. 104). By Order dated March 8, 2013, the government's motion was granted, and accordingly, defendant's custody sentence was reduced from 180 months' imprisonment to 84 months' imprisonment. *United States v. Major*, No. 11-cr-16 (E.D. Va. Mar. 8, 2013) (Order) (Doc. 109).

Thereafter, on June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the ACCA residual clause is unconstitutionally vague, and therefore "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563. Thereafter, on April 18, 2016, the Supreme Court held that *Johnson* was a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On March 23, 2016, defendant filed a timely motion—which was amended that same day—to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, on the ground that in light of the Supreme Court's decision in *Johnson*, defendant's sentence is unconstitutional

insofar as it is premised on the ACCA residual clause. Defendant further contends that he no longer qualifies as an armed career criminal pursuant to the ACCA, and thus should not have been sentenced to a term of imprisonment exceeding ten years, the statutory maximum for a violation of § 922(g) when the ACCA does not apply.

At the government's request, defendant's § 2255 amended motion was stayed pending resolution of two Supreme Court cases, namely (i) *Welch*, which held that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review, and (ii) *Mathis v. United States*, 136 S. Ct. 2243 (2016), which elucidated the application of the modified categorical approach in the context of the ACCA. After the Supreme Court issued its decisions in *Welch* and *Mathis*, the government filed a timely response to defendant's § 2255 amended motion in which the government contends that although in *Major I*, two of three prior convictions were found to be crimes of violence pursuant to the now-invalidated ACCA residual clause, the ACCA nonetheless requires a minimum fifteen-year sentence because these prior convictions also constitute generic burglary pursuant to the ACCA enumerated crimes clause. In support of this contention, the government points to a Fourth Circuit decision, *United States v. Foster*, 662 F.3d 291 (4th Cir. 2011), which was decided approximately three months after defendant received his sentence; the Fourth Circuit in *Foster* squarely addressed whether prior convictions for statutory burglary in Virginia qualify as generic burglaries under the ACCA enumerated crimes clause. *See id.* at 292. Shortly after the government filed its response to defendant's § 2255 motion, defense counsel filed a two-page reply that does not address the legal arguments raised by the government, but merely asserts that defendant is entitled to relief pursuant to § 2255.

6

## II.

As already noted, the ACCA prescribes a 15-year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1).[6] The ACCA enumerated crimes clause defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has explained that Congress, "[i]n listing those crimes, … referred only to their usual or … generic versions—not to all variants of the offenses." *Mathis*, 136 S. Ct. at 2249 (citing *Taylor*, 495 U.S. at 598)). Accordingly, "as to burglary[,] … Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into … a building or other structure, with intent to commit a crime.' " *Id.* (quoting *Taylor*, 495 U.S. at 598).

The Supreme Court has further explained that to determine whether a prior conviction is a generic crime—such as generic burglary—under the ACCA enumerated crimes clause, a court must "apply what is known as the categorical approach," which "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* (citing *Taylor*, 495 U.S. at 600-01). Under the categorical approach, "[a] crime counts as [a] 'burglary' under the [ACCA] if its *elements* are the same as, or narrower than, those of the generic offense," whereas "if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* (emphasis is original).

---

[6] Absent that sentence enhancement, the felon-in-possession-of-a-firearm statute provides for a ten-year maximum penalty. *See* 18 U.S.C. § 924(a)(2).

As the Supreme Court has noted, "[t]he comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Id.* In such circumstances, a court need only "line[] up that crime's elements alongside those of the generic offense and see if they match." *Id.*[7] Yet, many statutes "have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder." *Id.* at 2249 (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.*[8] By contrast, a statute that lists merely alternative *means* of committing a single crime is not divisible. *Id.* at 2248, 2256.

When faced with a divisible statute, "[a] sentencing court ... requires a way of figuring out which of the alternative elements listed ... was integral to the defendant's conviction (that is, which was necessarily found or admitted)." *Id.* (citing *Descamps*, 133 S. Ct. at 2283). To this

---

[7] For example, in *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court held that an indivisible California burglary statute swept more broadly than ACCA generic burglary because the California statute criminalized any entry into a location—including lawful entries— with the intent to steal; in other words, the California statute was broader than ACCA generic burglary because it encompassed shoplifting. *Id.* at 2283-84. Thus, the Supreme Court held that a prior conviction under the California statute did not constitute an ACCA predicate offense pursuant to the enumerated crimes clause, even if a particular defendant in fact made an illegal entry, and therefore committed burglary in its generic form. *See id.*

[8] In *Mathis*, the Supreme Court provided an example of a divisible statute, based on a variation of the California statute at issue in *Descamps*:

> Suppose, for example, that the California law [in *Descamps*] had prohibited 'the lawful entry or the unlawful entry' of a premises with intent to steal, so as to create two different offenses, one more serious than the other. If the defendant were convicted of the offense with unlawful entry as an element, then his crime of conviction would match generic burglary and count as an ACCA predicate; but conversely, the conviction would not qualify if it were for the offense with lawful entry as an element.

*See Mathis*, 136 S. Ct. at 2249.

end, the Supreme Court has "approved the 'modified categorical approach' for use with statutes having multiple alternative elements." *Id.* Under the modified categorical approach, a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Taylor*, 495 U.S. at 602).[9] In this regard, the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), explained that where, as here, the prior convictions in issue resulted from a guilty plea:

> Enquiry … is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Id.* at 26. Relying on these sources—commonly referred to as "*Shepard* documents"—a court can, as the categorical approach commands, compare the specific crime of which the defendant was previously convicted with the generic ACCA offense. *Id.*

Thus, an offense constitutes "burglary" for purposes of the ACCA enumerated crimes clause (i) if under the categorical approach, the scope of the relevant offense's statutory definition is equal to or narrower than the scope of ACCA generic burglary, or (ii) if under the modified categorical approach, the relevant *Shepard* documents reveal that defendant was convicted of a crime that is equal to or narrower in scope than ACCA generic burglary.

### III.

At first glance, it appears that the Supreme Court's decision in *Johnson* would operate to invalidate defendant's fifteen-year sentence pursuant to ACCA, as *Major I* reflects that two of

---

[9] By contrast, as already noted, a court faced with an indivisible statute—a statute without alternative elements—must apply the categorical approach, and thus must focus strictly on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case. *Taylor*, 495 U.S. at 600-01.

the three prior convictions on which this sentence was predicated were defined as crimes of violence pursuant to the now invalidated ACCA residual clause. *See Johnson*, 135 S. Ct. at 2563. Yet, the government contends that even after *Johnson*, defendant's fifteen-year sentence pursuant to the ACCA is required because the two prior convictions in issue constitute generic burglary under the ACCA enumerated crimes clause, and therefore defendant's sentence does not depend on the ACCA residual clause invalidated by the Supreme Court in *Johnson*.

### A.

In support of the government's contention that even after *Johnson*, the ACCA requires defendant's fifteen-year sentence, the government points to *United States v. Foster*, 662 F.3d 291 (4th Cir. 2011), which was decided approximately three months after defendant's sentence was imposed. Importantly, *Major I* was decided without the benefit of *Foster*.

In *Foster*, the Fourth Circuit addressed whether the defendant's prior convictions in Virginia for statutory burglary qualified as generic burglaries under the ACCA enumerated crimes clause where the relevant indictments described the burglarized locations as merely the "Corner Market" and the "Sunrise-Sunset Restaurant." *Id.* at 292. In answering this question, the Fourth Circuit squarely addressed Va. Code §§ 18-2.90 and 18-2.91.[10] *See id.* at 292-94. In pertinent part, the version of Va. Code § 18.2-91 in effect during the relevant period provided that an individual commits statutory burglary if he commits "any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape or robbery," and the version of Va. Code § 18.2-90 then in effect provided that:

> [i]f any person in the nighttime enters without breaking or at any time breaks and enters and conceals himself in any office, shop, ... storehouse, warehouse, banking house, or other house, or any ship, vessel, or river craft or any railroad

---

[10] The statutes addressed in *Foster* are the same statutes that were in effect when defendant committed the three 1998 burglaries.

car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or robbery, he shall be deemed guilty of statutory burglary ... .

Va. Code § 18.2-90 (1992) (amended 2004).[11]

The Fourth Circuit in *Foster* recognized that Va. Code §§ 18-2.90 and 18-2.91 defined burglary in terms "broader than 'generic burglary' as defined by the Supreme Court in *Taylor*." *Foster*, 662 F.3d at 293. Importantly, however, the Fourth Circuit determined that the Virginia burglary statutes were divisible because they provided alternative elements, and therefore under the modified categorical approach, a conviction under the Virginia burglary statutes could sometimes qualify as generic burglary under the ACCA enumerated crimes clause. *See id.* 293-94. Specifically, the Fourth Circuit construed Va. Code § 18.2-90 as defining "breaking and entering as a crime under three separate [location] clauses: (1) an 'office, shop ... storehouse, warehouse, banking house, or other house'; (2) a 'ship, vessel, or river craft or any railroad car'; or (3) 'any automobile, truck, or trailer ... [being] used as a dwelling or place of human habitation.' " *Id.* at 293-94. The Fourth Circuit further explained that because the first clause "consists entirely of buildings and structures," convictions under this clause qualify as generic burglary under the ACCA enumerated crimes clause. *Id.* at 294 (citing *Graybeal v. Commonwealth*, 228 Va. 736 (1985)).

The Fourth Circuit in *Foster* concluded that the defendant's prior convictions qualified as generic burglary under the ACCA on the ground that the indictments for the prior burglary

---

[11] In 2004, Va. Code § 18.2-90 was amended to remove the clause "office, shop, ... storehouse, warehouse, banking house, or other house"; that clause was replaced with the clause "building permanently affixed to realty." 2004 Va. Acts. Ch. 842. This amendment essentially incorporated the Supreme Court of Virginia's prior holding that all of the places referred to in the pre-2004 clause referred to improvements affixed to the ground, or realty. *See Graybeal v. Commonwealth*, 324 S.E.2d 698, 699 (Va. 1985) (holding that mobile homes and house trailers are not within the definition of "other house" as used in § 18.2-90).

convictions described the locations the defendant had entered as the "Corner Market" and the "Sunrise-Sunset Restaurant." *Id.* at 292. In reaching this conclusion, the Fourth Circuit rejected the defendant's argument that there was insufficient information in the record to establish that the stores in issue were structures or buildings—as is necessary for a generic burglary—rather than other locations, such as small river crafts or railroad cars. *See id.* at 295. Specifically, the Fourth Circuit noted that "[t]he more-than-remote possibility that a restaurant or Corner Market could be conducted in a railroad car or on a river craft does not undermine the compelling conclusion that [the defendant's] convictions were for the burglaries of buildings or structures," and that "courts are not required to abandon logic and embrace the absurd in conducting an ACCA analysis." *Id.*[12]

The Fourth Circuit further explained that the conclusion reached in *Foster* was "augmented by [the Fourth Circuit's] prior decision in *United States v. Shelton*, 196 F. App'x 220 (4th Cir. 2006) (unpublished)." *Foster*, 662 F.3d at 295. In *Shelton*, the Fourth Circuit "concluded that an indictment charging defendant with breaking and entering 'the business of All American Car Wash' established that the prior conviction was for a generic burglary." *Id.* (citing *Shelton*, 196 F. App'x at 222).[13] In this respect, the Fourth Circuit in *Foster* noted that

---

[12] In support of this proposition, the Fourth Circuit cited decisions from the First Circuit and the Eleventh Circuit. *See United States v. Miller*, 478 F.3d 48, 52 (1st Cir. 2007) (holding that "given the references to Trader Jack's as a store containing a safe, we believe that the district court drew a reasonable inference and rendered a logical conclusion: that Trader Jack's was a store and, thus, a building"); *United States v. Rainer*, 616 F.3d 1212, 1216 (11th Cir. 2010) (finding that although it was "theoretically" possible for a shoe store to be "operated out of a vehicle, that possibility is too farfetched to undermine our conviction that Rainer's two previous convictions were for burglary of a building in the generic burglary sense of the word").

[13] Similarly, in *United States v. Baxter*, 642 F.3d 475 (4th Cir. 2011), the Fourth Circuit held that "the term 'shop' in [a defendant's indictment ... did not take his [prior] conviction outside of the sweep of [generic burglary] under the ACCA"; rather, "the reference to 'shop' in the indictment 'necessarily established' that [his] burglary conviction was based on his entry into a structure

"[i]f the broad term 'business' in *Shelton* sufficiently defined a generic burglary, so too should the more explicitly named businesses in the case at bar." *Id.* at 296.

Importantly, the Fourth Circuit in *Foster* made clear that in determining whether the pertinent *Shepard* documents establish that a particular defendant's prior conviction was a generic burglary under the ACCA enumerated crimes clause, courts "are not required to 'wear blinders' or to cast logic aside 'merely because [a defendant] conjure[s] up a speculative possibility.' " *Id.* (quoting *United States v. Miller*, 478 F.3d 48, 52 (1st Cir. 2007)). This is so because " '[t]he ACCA is part of the real world, and courts should not refuse to apply it because of divorced-from-reality, law-school-professor-type hypotheticals that bear no resemblance to what actually goes on.' " *Id.* (quoting *United States v. Rainer*, 616 F.3d 1212, 1216 (11th Cir. 2010)).

As the government correctly notes, *Major I* was decided without the benefit of *Foster*, which clarifies the legal framework for addressing the question whether defendant's prior convictions for statutory burglary in Virginia constitute generic burglaries under the ACCA enumerated crimes clause. If the two prior convictions in issue—the March 4, 1998 and April 3, 1998 burglaries—constitute generic burglaries under the ACCA enumerated crimes clause, then defendant's fifteen-year sentence is required by the ACCA, notwithstanding the Supreme Court's decision in *Johnson*. But if either or both of these two prior convictions do not constitute generic burglaries under the ACCA enumerated crimes clause, then defendant's sentence depends on the ACCA residual clause and is therefore unconstitutional under *Johnson*.

---

that was affixed to the ground, namely, a building." *Id.* at 478 (internal quotation marks and citation omitted).

**B.**

The principles elucidated by the Fourth Circuit in *Foster*, applied here, point convincingly to the conclusion that defendant's prior convictions for statutory burglary on March 4, 1998, and April 3, 1998, constitute generic burglaries under the ACCA enumerated crimes clause. It follows therefore that even after *Johnson*, the ACCA requires the fifteen-year sentence defendant originally received.

This is so because the transcript of the September 16, 1998 plea hearing in the Fairfax County Circuit Court provides sufficient factual detail to establish that defendant's March 4, 1998 and April 3, 1998 convictions for statutory burglary were convictions for burglaries under the location clause of Va. Code § 18.2-90 that prohibits breaking and entering an "office, shop … storehouse, warehouse, banking house, or other house." Va. Code § 18.2-90 (1992) (amended 2004). As already noted, convictions under this clause constitute generic burglaries pursuant to the ACCA enumerated crimes clause. *See Foster*, 662 F.3d at 294.

In this regard, the plea transcript makes clear (i) that defendant described the locations he broke into as "dwellings," "houses," and "residences," and (ii) that each of the two locations in issue had fixed street addresses, namely 3994 Gumwood Court, Chantilly, Virginia, and 4108 Plaza Lane, Fairfax, Virginia. *Major I*, 801 F. Supp.2d at 517 (citing Plea Transcript at 5, 11, 13). In light of the Fourth Circuit's decision in *Foster*, these facts firmly support the conclusion that defendant's convictions for his March 4, 1998, and April 3, 1998 burglaries constitute generic burglaries pursuant to the ACCA enumerated crimes clause. The conclusion reached here is supported not only by the Fourth Circuit's decision in *Foster*, but also by the cases on which

that decision relied.[14] Moreover, the conclusion that defendant's March 4, 1998, and April 3, 1998 burglaries constitute generic burglaries under the ACCA enumerated crimes clause is further supported by an unpublished Fourth Circuit opinion affirming a sentencing court determination that a prior burglary conviction constituted a generic burglary under the ACCA enumerated crimes clause on the grounds that the verdict form referred to "breaking and entering the property of [the victim]," and that the jury instructions stated that that "defendant ... broke and entered into a dwelling house." *See United States v. Williams*, 223 F. App'x 280, 283 (4th Cir. 2007) (unpublished).

Although it is conceivable that the fixed-address locations that defendant characterized as "dwellings," "houses," and "residences" were not structures attached to the ground, but instead movable residential trailers, that "remote possibility" does not alter the conclusion reached here. *Foster*, 662 F.3d at 295. Courts "are not required to 'wear blinders' or to cast logic aside" in light of a "conjure[d] up ... speculative possibility.' " *Id.* at 296 (quoting *Miller*, 478 F.3d at 52). Indeed, as already noted, " 'courts should not refuse to apply [the ACCA] because of divorced-from-reality, law-school-professor-type hypotheticals that bear no resemblance to [the real world].' " *Id.* (quoting *Rainer*, 616 F.3d at 1216).

---

[14] *See, e.g., United States v. Baxter*, 642 F.3d 475, 478 (4th Cir. 2011) (concluding that "the [grand jury's] reference to 'shop' in the indictment necessarily established that [defendant's] burglary conviction was based on his entry into a structure that was affixed to the ground, namely, a building"); *Miller*, 478 F.3d at 52 (holding that "given the references to Trader Jack's as a store containing a safe, we believe that the district court drew a reasonable inference and rendered a logical conclusion: that Trader Jack's was a store and, thus, a building"); *United States v. Rainer*, 616 F.3d 1212, 1216 (11th Cir. 2010) (finding that although it was "theoretically" possible for a shoe store to be "operated out of a vehicle, that possibility is too farfetched to undermine our conviction that Rainer's two previous convictions were for burglary of a building in the generic burglary sense of the word"); *Shelton*, 196 F. App'x at 222 (concluding that an indictment charging defendant with breaking and entering "the business of All American Car Wash" established that a prior conviction constituted a generic burglary).

15

Thus, in light of the Fourth Circuit's decision in *Foster*, all three of defendant's prior convictions for statutory burglary constitute generic burglaries under the ACCA enumerated crimes clause, and therefore the fifteen-year sentence defendant originally received was required by the ACCA, notwithstanding the Supreme Court's decision in *Johnson*.

IV.

Accordingly, defendant's § 2255 amended motion to vacate his sentence must be denied, as the fifteen-year sentence defendant received at sentencing does not depend on the ACCA residual clause invalidated in *Johnson*.

An appropriate Order will issue.

Alexandria, Virginia
July 27, 2016

T. S. Ellis, III
United States District Judge

16